[Nos. 13118–4–I; 13119–2–I.   Division One.   July 23, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL THOMAS CORNETHAN, *Appellant*.

232

*Bruce D. Erickson,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *William Downing, Deputy,* for respondent.

Durham, C.J.—Michael Cornethan appeals his convictions of aggravated first degree murder, first degree assault and second degree burglary. He claims the trial court erroneously admitted in evidence his confession to the murder.

On October 26, 1982, Valerie L'Abbe was stabbed, choked and shot to death in her Seattle apartment. On November 1, Cornethan was arrested after he fired a handgun at Seattle police officers who apparently interrupted him during a car prowl. Cornethan was injured when the police returned fire, and he was taken to Harborview Hospital. He was charged with first degree assault and an attorney was appointed for him. At that time, Cornethan was not a primary suspect in the L'Abbe homicide.

On November 4, Cornethan's appointed attorney visited him and advised him of his right to remain silent. The attorney then called the Seattle police homicide/assault division and left word that Cornethan did not want to make any statements to the police without his attorney. On the morning of November 9, Detective Lowman of the assault unit visited Cornethan in his hospital room. Lowman's contact was regarding the car prowl assault only; he was not involved in the homicide investigation. Lowman did not read Cornethan his *Miranda* rights. Cornethan refused to make a statement, citing the advice of his attorney. Later that afternoon, evidence was discovered which linked Cornethan to the L'Abbe murder. In the evening, three homicide detectives visited Cornethan and advised

him of his *Miranda* rights. Cornethan agreed to talk to the detectives, and did not request an attorney. He then confessed to the L'Abbe murder.

Prior to trial, defense counsel moved to suppress Cornethan's confession. The trial court denied the motion, finding that it was permissible to question Cornethan without his attorney present, and finding that Cornethan's waiver of rights and confession were voluntary. After a bench trial, Cornethan was convicted of aggravated first degree murder and sentenced to life in prison without possibility of parole.

On appeal, Cornethan claims that his confession should have been suppressed. He argues that his questioning by the homicide detectives without counsel present was improper. We find no error and affirm the conviction.

To counter the inherently compelling nature of custodial interrogation, the Supreme Court has required that an accused be advised of his rights to remain silent and to have an attorney present during interrogation. *Miranda v. Arizona,* 384 U.S. 436, 468–70, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). The *Miranda* Court also stated:

> Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. . . . If the individual states that he wants an attorney, the interrogation must cease until an attorney is present.

*Miranda,* 384 U.S. at 473–74.

■ *Miranda* did not decide when, after an accused has invoked his rights, the police may seek a waiver of those rights. Subsequent Supreme Court decisions have distinguished between the procedural safeguards triggered by a request to remain silent and those following a request for an attorney. If an accused invokes the right to remain silent, the police may resume questioning after a "significant period" of time has passed, but only if the accused's original request to cut off questioning was "scrupulously

honored" and he is provided with a fresh set of *Miranda* warnings on requestioning. *Michigan v. Mosley*, 423 U.S. 96, 104–06, 46 L. Ed. 2d 313, 96 S. Ct. 321 (1975). On the other hand, if an accused invokes the right to counsel, the police may not requestion the accused until counsel has been provided, unless the accused himself initiates further communications with the police. *Edwards v. Arizona*, 451 U.S. 477, 484, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981).

Cornethan claims that, because he invoked his right to counsel when his attorney advised him of his rights on November 4 in connection with the assault, subsequent interrogation by homicide detectives was improper. However, we are unable to find any evidence in the record which indicates that Cornethan invoked his right to counsel prior to that interrogation. If anything, the record strongly suggests that Cornethan invoked only his right to remain silent. The relevant facts are found in the unchallenged findings of fact from the CrR 3.5 hearing. Those findings recite in pertinent part:

> That on November 4, 1982 at approximately 1:30 p.m. Bruce Erickson, appointed counsel for defendant in the assault case, visited with the defendant where the defendant was in custody at Harborview Hospital; *the defendant was advised of his constitutional right to remain silent and the defendant determined that he wanted to exercise his right to remain silent*; defense counsel at that time advised Officer Covington of King County Rehabilitative Services who was guarding the defendant that the defendant did not want to talk to police and that the defendant's attorney did not want the defendant interviewed by any police officers without prior notification to defense counsel;

(Italics ours.) Finding of fact 7.[1]

---

[1]Implicit in this finding are two issues that need not be resolved here. First, this finding indicates that it was the intention of defense counsel, rather than of the accused, that no interrogation take place in the absence of counsel. Such circumstances may or may not trigger the procedural safeguards of *Edwards v. Arizona*, 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981), since a request by counsel to be present at questioning is not equivalent to an invocation of the right to counsel by an accused. Second, *Edwards* may not apply when the accused

That on November 9, 1982, defendant, who had been making a remarkable recovery, was in much improved condition; that at approximately 10:00 a.m., Detective Lowman contacted defendant without contacting his attorney; that Lowman asked him if he wanted to talk about the assault; *that defendant told Lowman that he did not wish to discuss the case and was acting on advice of counsel*;

(Italics ours.) Finding of fact 8. Given these facts, we are satisfied that Cornethan invoked only his right to remain silent. Accordingly, *Edwards v. Arizona* is inapplicable here, and we must determine the propriety of Cornethan's reinterrogation pursuant to the test set forth in *Michigan v. Mosley*. That case holds that a resumption of questioning is proper if the accused's original request to cut off questioning was "scrupulously honored," a significant time has passed, and fresh *Miranda* warnings are given before reinterrogation.

Here, Cornethan's request to remain silent was "scrupulously honored" when he was questioned by Detective Lowman on the morning of November 9. Lowman made no further attempt to question Cornethan about the assault, and left shortly afterward. When he was requestioned nearly 11 hours later by the homicide detectives, Cornethan was advised of his *Miranda* rights. As noted by the Supreme Court in *Michigan v. Mosley,* 423 U.S. at 105–06:

This is not a case, therefore, where the police failed to honor a decision of a person in custody to cut off questioning, either by refusing to discontinue the interrogation upon request or by persisting in repeated efforts to wear down his resistance and make him change his mind.

Accordingly, the interrogation of Cornethan by the homicide detectives was proper. Furthermore, the trial court found, and Cornethan does not dispute, that his waiver of the right to remain silent and his subsequent confession to the L'Abbe murder were knowing and voluntary. Corne-

invokes the right to counsel after being advised of his rights by *his attorney* rather than by the police.

than's confession was, therefore, properly admitted at trial.

Even if we were to hold that the evidence before us could somehow be construed as an invocation of the right to counsel, *Edwards v. Arizona* is distinguishable on its facts. In *Edwards,* the defendant was arrested and read his *Miranda* rights. Shortly afterward, Edwards requested an attorney. At that point, questioning ceased and Edwards was taken to jail. The next morning, two detectives, colleagues of the officer who had interrogated Edwards the previous night, visited Edwards in jail. Edwards stated that he did not want to talk to anyone, but the guard told him he "had to" talk. The detectives read Edwards his *Miranda* rights which Edwards waived, and Edwards subsequently made incriminating statements. *Edwards,* 451 U.S. at 479.

■ Assuming Cornethan had invoked counsel in connection with the car prowl assault charge, the questioning by the homicide detectives was on an unrelated offense and pursuant to an independent investigation. The trial court found that the homicide detectives had no knowledge of Cornethan's request for counsel in the assault. Although Cornethan does not challenge this finding, we note that it is supported by substantial evidence in the record. The homicide and assault detectives belonged to a single unit, but the investigations into the L'Abbe homicide and the car prowl assault were conducted separately. The detective investigating the assault (Lowman) knew Cornethan's counsel had requested that no police questioning occur without counsel present. Lowman was also informed by Cornethan that he did not want to discuss the assault. However, this information was not given to the homicide detectives. We hold that *Edwards* is not controlling in these circumstances. *See State v. Harriman,* 434 So. 2d 551, 557 (La. Ct. App. 1983); *McFadden v. Commonwealth,* 225 Va. 103, 300 S.E.2d 924, 927 (1983). The per se rule of *Edwards* should not be extended to suppress a confession which, as here, is in all other respects knowing, voluntary and intelligent. Thus, even if Cornethan had invoked his right to counsel in the assault matter, his confession to the murder

was properly admitted at trial.

The judgment is affirmed.

ANDERSEN and SCHOLFIELD, JJ., concur.

Reconsideration denied September 4, 1984.

Review denied by Supreme Court December 19, 1984.