[No. 9696-0-II.   Division Two.   January 3, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DEVIN R. STEWART, *Appellant.*

ALEXANDER, C.J., dissents in part by separate opinion.

*Roger A. Hunko* and *Wecker, Hunko & Holman,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Christian C. Casad, Deputy,* for respondent.

PETRICH, J.—Devin R. Stewart appeals a judgment on a jury verdict finding him guilty of six counts of burglary in the second degree. The issues before us are whether

Stewart's Fifth Amendment right against compelled self-incrimination and his Sixth Amendment right to counsel were abridged when, after requesting the appointment of counsel at an arraignment on an unrelated charge and while he remained in continuous custody, the police interrogated him and obtained incriminating statements which led to the charges in the instant case.[1] We hold that Stewart's Sixth Amendment right to counsel was not violated, but that the Fifth Amendment right against compelled self-incrimination as guaranteed by the Fourteenth Amendment was abridged when he was subjected to custodial interrogation without the advice or assistance of counsel while in continuous custody after having requested appointment of counsel when formally charged with unrelated offenses. Accordingly, we reverse the convictions as to counts 1, 2 and 3 and affirm counts 4, 5 and 6.

Devin Stewart was charged by information dated November 19, 1985, with six counts of second degree burglary. Counts 1–3 related to residential burglaries in Bremerton, Washington. Counts 4–6 described burglaries of three mobile homes located near Stavis Bay in Kitsap County. The burglaries allegedly occurred between January 22 and April 19, 1985.

On April 30, 1985, Stewart was arrested by the Bremerton Police Department on an unrelated robbery charge. After being advised of his *Miranda* rights, Stewart was interrogated by Detective Del English of the Bremerton Police Department. Stewart waived his rights and discussed his participation in the Stavis Bay burglaries (counts 4–6) with the detective. Stewart was transferred to the Kitsap County Jail that evening. The following day, May 1, Stewart was arraigned on the robbery charge. At the arraignment, an attorney was appointed for him at his

---

[1]Although Stewart's assignment of error mentions only a Sixth Amendment violation, he also discusses the Fifth Amendment right to counsel in his brief. We review the Fifth Amendment argument as it is clearly disclosed in an associated issue pertaining to the assignment of error. RAP 10.3(g).

request.[2] Shortly thereafter, prior to consulting his attorney or being released from custody, Stewart was interviewed by Deputies Wright and Fuller of the Kitsap County Sheriff's Office. The deputies read Stewart his *Miranda* rights, and he indicated that he understood them and consented to speak with the deputies. During this interview, Stewart implicated himself in all six burglary counts. Stewart was arraigned on the burglary charges on November 25, 1985.

On appeal, Stewart argues that his convictions should be reversed because they were based on statements obtained in violation of his right to counsel under the fifth and sixth amendments to the United States Constitution.

## I
### SIXTH AMENDMENT

The Sixth Amendment right to counsel arises from the fact that a suspect has been formally charged with a crime and is thus "facing a state apparatus that has been geared up to prosecute him." *Arizona v. Roberson,* ___ U.S. ___, 100 L. Ed. 2d 704, 716, 108 S. Ct. 2093 (1988). As such, the Sixth Amendment right attaches only when formal judicial criminal proceedings have been initiated against a defendant. *State v. Dictado,* 102 Wn.2d 277, 294, 687 P.2d 172 (1984). Stewart's Sixth Amendment right to counsel was not violated in this case. At the time of his arraignment on the robbery case, formal criminal proceedings had not been initiated in the burglary charges. Accordingly, Stewart's Sixth Amendment right had not yet attached when he was interrogated by Deputies Wright and Fuller.

---

[2] The findings of fact pertaining to Stewart's request for counsel at the robbery arraignment are not part of the record before us. However, appellant has included these findings of fact in an appendix to his brief. The State does not object to or question the fact that Stewart actually requested counsel at that arraignment.

## II
### FIFTH AMENDMENT RIGHT TO COUNSEL

The Fifth Amendment right against self–incrimination requires that defendants be accorded the assistance of an attorney during custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 467, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). This right is upheld through the "prophylaxis of having an attorney present to counteract the inherent pressures of custodial interrogation, which arise from the fact of such interrogation and exist regardless of the number of crimes under investigation or whether those crimes have resulted in formal charges." *Arizona v. Roberson,* 100 L. Ed. 2d at 716. As established by the United States Supreme Court in *Edwards v. Arizona,* 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981), the Fifth Amendment requires that once an accused in a custodial situation has expressed a desire for assistance of counsel, he is not subject to further interrogation unless he consults with counsel or the accused initiates further communication with police.

In the usual criminal prosecution, the defendant invokes his Fifth Amendment right by requesting counsel at the time he is taken into custody or at a later interrogation occurring while the defendant remains in custody. In the instant case, we must determine two issues: (1) whether a request for counsel at an arraignment on a charge invokes a Fifth Amendment right to counsel, and (2) whether the protection extends to custodial interrogations pertaining to unrelated cases.

### A
### Invocation of Fifth Amendment Right

■ The Seventh Circuit Court of Appeals addressed an identical issue in *United States ex rel. Espinoza v. Fairman,* 813 F.2d 117 (7th Cir. 1987). In *Espinoza,* the defendant was arrested on a weapons charge. He was represented by counsel at his arraignment on that charge. Four days later, while still in custody, he was interviewed about

an unrelated murder. After waiving his *Miranda* rights, Espinoza confessed to the murder. The murder conviction was the subject of the Seventh Circuit case. The court held that although Espinoza had no Sixth Amendment right to counsel during the interrogation since the State had not initiated criminal proceedings on the murder charge, his Fifth Amendment right to counsel was invoked. The court applied the approach used in *Michigan v. Jackson,* 475 U.S. 625, 89 L. Ed. 2d 631, 106 S. Ct. 1404 (1986), that a broad interpretation must be used when assessing invocations of the right to counsel. Under this approach, the *Espinoza* court stated that absent evidence to the contrary, individuals who request counsel at an arraignment are invoking both their Fifth and Sixth Amendment rights to counsel. The court quoted from *Michigan v. Jackson,* at 633 n.7 that "an accused [who] requests an attorney [at arraignment] . . . does not know which constitutional right he is invoking". *Espinoza,* 813 F.2d at 123. The *Espinoza* court then went on to state: "Because an individual who does not understand his or her rights cannot validly waive them, *see Moran v. Burbine,* [475 U.S. 412, 89 L. Ed. 2d 410, 106 S. Ct. 1135, 1141 (1986)] we are required to presume that an individual who requests counsel at his or her arraignment is asserting both a Sixth Amendment and a Fifth Amendment right, even if the individual does not 'articulate exactly why or for what purposes he is seeking counsel.' *Jackson,* 106 S.Ct. at 1409 n. 7." *Espinoza,* 813 F.2d at 123.

We are convinced by the logic of *Espinoza* and *Jackson.* Accordingly, we find that Stewart invoked both a Fifth Amendment and Sixth Amendment right to counsel at his arraignment on the robbery charge.

## B
### Scope of the Invocation of Fifth Amendment Right

Having previously determined that the Sixth Amendment right invoked does not extend to the burglary charges,

we are left to decide whether the invocation of a Fifth Amendment right to counsel extends to custodial interrogation on unrelated charges. This question was answered affirmatively by *Espinoza* and, more recently, by the United States Supreme Court in *Arizona v. Roberson, supra*. In *Roberson*, the Court held that the *Edwards* rule extends to custodial interrogations on unrelated charges. The Court stated:

> As a matter of law, the presumption raised by a suspect's request for counsel—that he considers himself unable to deal with the pressures of custodial interrogation without legal assistance—does not disappear simply because the police have approached the suspect, still in custody, still without counsel, about a separate investigation.

*Roberson*, 100 L. Ed. 2d at 715. The *Edwards* rule serves to provide "clear and unequivocal" guidelines to the law enforcement profession. It plainly requires that "after a person in custody has expressed his desire to deal with the police only through counsel, he 'is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.'" *Roberson*, 100 L. Ed. 2d at 714, quoting *Edwards v. Arizona*, 451 U.S. at 484–85.

The court in *Espinoza* similarly held that Espinoza's Fifth Amendment right against self–incrimination was violated when he was interrogated without the presence or assistance of counsel on the unrelated murder charge after remaining in continuous custody. *Espinoza*, 813 F.2d at 125. We are bound by the holding of *Arizona v. Roberson, supra*, which defined the scope of Stewart's rights under the Fifth Amendment. United States Supreme Court decisions establish the minimum rights to be accorded a defendant as required by the United States Constitution.[3]

---

[3]In so holding, we disagree with the Division One case, *State v. Cornethan*, 38 Wn. App. 231, 684 P.2d 1355 (1984), decided before *Roberson*, which held that *Edwards v. Arizona, supra,* is not controlling when a defendant in custody is interrogated on unrelated charges.

*State v. Hehman,* 90 Wn.2d 45, 49, 578 P.2d 527 (1978). Clearly, Stewart's Fifth Amendment right to counsel as a means of protecting his right against compelled self–incrimination was violated when he requested counsel at his arraignment on the robbery charge, remained in continuous custody, and was subsequently interrogated on the burglary charges. The record establishes that Stewart made incriminating statements which led to his conviction on counts 4–6 of his information, the Stavis Bay burglaries, during his interview with Detective English of the Bremerton Police Department. These statements were made prior to his arraignment on the robbery charge and after he had been advised of, and voluntarily waived, his *Miranda* rights. The evidence of his incriminating statements as to these latter counts from the second interview was merely cumulative and a reaffirmation of what he had already admitted. Under these circumstances, we are satisfied that the erroneous admission of the statements from the latter interview was harmless beyond a reasonable doubt. *State v. Wheeler,* 108 Wn.2d 230, 239, 737 P.2d 1005 (1987); *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986).

We hold that Stewart's Fifth Amendment right against compelled self–incrimination was violated as to counts 1–3. According to the rule of *Edwards v. Arizona, supra,* as extended in *Arizona v. Roberson, supra,* the Kitsap County Sheriff's deputies acted improperly when they interrogated Stewart after he had requested counsel, thereby raising the presumption that he was unable to deal with the pressures of custodial interrogation without legal assistance. The fact that the deputies may not have been aware of Stewart's request for counsel is of no significance as the police have the burden of determining whether a suspect has requested counsel. *Roberson,* 100 L. Ed. 2d at 717.

We reverse Stewart's convictions on counts 1, 2, and 3 and affirm on counts 4, 5, and 6.

WORSWICK, J., concurs.

ALEXANDER, C.J. (dissenting)—The majority holds that Stewart effectively invoked his Fifth Amendment right to counsel with respect to the burglary charges when he availed himself of his right to counsel, pursuant to the Sixth Amendment, at his arraignment on an unrelated robbery charge. The effect of this, according to the majority, was to invoke the "bright line" rule of *Edwards v. Arizona,* 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981). Pursuant to *Edwards,* once a suspect has requested counsel to be present during custodial interrogation, a valid waiver of that right cannot be established by showing that he responded to further police–initiated questioning even after he had been advised of his rights. *Edwards,* 451 U.S. at 484. Accordingly, because Stewart's subsequent statements relating to the burglary charges came in response to police–initiated questioning following his request for appointment of counsel at an arraignment on the robbery charge, the majority concludes that Stewart's Fifth Amendment right against compelled self–incrimination was violated, notwithstanding Stewart's apparently voluntary and knowledgeable waiver of this right.

As noted by the majority, the present case requires the resolution of two key issues: (1) whether Stewart's request for appointment of counsel at his arraignment on the robbery charge invoked his Fifth Amendment right to counsel; and if so (2) whether the Fifth Amendment protections extended to the unrelated burglary charges so as to preclude any further police–initiated questioning. I believe the majority has erred in its resolution of both of these issues, either one of which is fatal to Stewart's claim.

## I
### INVOCATION OF FIFTH AMENDMENT RIGHT

In reaching their decision that Stewart's invocation of his right to counsel at his arraignment on the robbery charge constituted an invocation of his Fifth Amendment rights, the majority relies heavily upon the reasoning of the Seventh Circuit Court of Appeals in *United States ex rel.*

*Espinoza v. Fairman,* 813 F.2d 117 (7th Cir. 1987). In *Espinoza,* the court, citing *Michigan v. Jackson,* 475 U.S. 625, 89 L. Ed. 2d 631, 106 S. Ct. 1404 (1986), held that individuals who invoke their right to counsel at an arraignment are deemed to have invoked both their Fifth and Sixth Amendment rights. *Espinoza,* 813 F.2d at 123. In my judgment, the *Espinoza* court's reliance on *Michigan v. Jackson, supra,* is misplaced, and because the United States Supreme Court has not seen fit to adopt the position espoused by the *Espinoza* court, I would not add Washington to the list of states to erroneously do so.

In *Michigan v. Jackson, supra,* the United States Supreme Court held only that the Sixth Amendment right to assistance of counsel guarantees that right at post-arraignment interrogations, because such interrogations represent "critical stages" of adversary judicial proceedings to which the Sixth Amendment applies. *Jackson,* 475 U.S. at 629–30. From this, the Court in *Jackson* reasoned that a defendant's invocation of his Sixth Amendment right to counsel at postarraignment interrogations is as much protected as is the Fifth Amendment right to counsel at a custodial interrogation. *Jackson,* 475 U.S. at 632.

The Court in *Jackson* merely extended the rule of *Edwards v. Arizona, supra,* to Sixth Amendment invocations of right to counsel; it did not hold, as the court in *Espinoza* suggests, that the invocation of the Sixth Amendment right to counsel at an arraignment also invokes a defendant's Fifth Amendment rights. On the contrary, the Michigan Supreme Court, the court from which *Jackson* was appealed, expressly held that the defendant's request for counsel at his arraignment implicated only his Sixth Amendment right to counsel. *People v. Bladel,* 421 Mich. 39, 52, 365 N.W.2d 56, 62 (1984). The Michigan court's reasoning was based on *Rhode Island v. Innis,* 446 U.S. 291, 64 L. Ed. 2d 297, 100 S. Ct. 1682 (1980), in which that Court expressly stated that the Fifth Amendment right to counsel attaches only when an accused is in custody and subjected to interrogation. *Innis,* 446 U.S. at 298. *See*

*also Kirby v. Illinois,* 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972) (holding that the Fifth Amendment is not implicated in a lineup as the privilege against self–incrimination protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature). Accordingly, the Michigan Supreme Court in *Bladel* concluded that the arraignment process likewise did not implicate a defendant's Fifth Amendment rights as it involves no compulsion of the accused to give evidence having testimonial significance. *Bladel,* 365 N.W.2d at 62. *See also Kirby v. Illinois, supra.*

Although I recognize that the United States Supreme Court in *Jackson* did not pass judgment on the validity of the Michigan court's Fifth Amendment analysis (*see Jackson,* 475 U.S. at 630 n.7), I believe the Michigan court's position to be the sounder and better supported position. While I adhere to the presumption stated in *Espinoza* that "a court must presume that an individual has invoked the full extent of his or her constitutional right to counsel" (*Espinoza,* 813 F.2d at 123), there is nevertheless no Fifth Amendment right to counsel at an arraignment and Stewart cannot be deemed to have invoked such.

Because the Fifth Amendment right to counsel had not yet attached at the time of the arraignment, Stewart's request for counsel at the arraignment must be viewed as only invoking a Sixth Amendment right to counsel. The significance of this distinction between the invocation of the Sixth Amendment as opposed to the Fifth Amendment, is that the "scope" of the rights invoked differs between the Fifth and Sixth Amendments. *See Espinoza,* 813 F.2d at 125. The Sixth Amendment right to counsel is limited to the specific crimes for which the State has begun prosecution; whereas Fifth Amendment rights, once invoked, extend to any subsequent custodial questioning, regardless of whether such questioning pertains to matters wholly unrelated to the crime with regard to which the right was invoked. *Arizona v. Roberson,* ___ U.S. ___, 100 L. Ed. 2d

704, 108 S. Ct. 2093 (1988); *see also State v. Dictado,* 102 Wn.2d 277, 294, 687 P.2d 172 (1984).[4] As noted by the majority, Stewart's Sixth Amendment rights had not yet attached with respect to the burglaries that had not been charged at the time of the questioning. Consequently, Stewart's request for appointment of counsel at his arraignment, having invoked his Sixth Amendment right to counsel, did not extend to the unrelated offenses for which no Sixth Amendment right had yet attached. Accordingly, Stewart's subsequent waiver of his *Miranda* rights as to these offenses was not rendered invalid under the rule of *Edwards v. Arizona, supra,* as no right to counsel had been previously invoked by the defendant as to these charges, to thus bring the rule of *Edwards v. Arizona, supra,* into play.[5] In light of the inapplicability of *Edwards,* Stewart's subsequent waiver of his *Miranda* rights should be deemed valid.

## II
### SCOPE OF THE INVOCATION OF FIFTH AMENDMENT RIGHTS

The majority also concludes that Stewart's implicit invocation of his Fifth Amendment rights at the arraignment extended to bar subsequent police–initiated questioning of Stewart as to unrelated offenses. This result, the majority

---

[4]*See also Jackson,* 475 U.S. at 632 n.5, stating that:

"Similarly, after the initiation of adversary judicial proceedings, the Sixth Amendment provides a right to counsel at a "critical stage" even when there is no interrogation and no Fifth Amendment applicability. See *United States* v. *Wade,* 388 U. S. 218 (1967) (Sixth Amendment provides right to counsel at postindictment lineup even though Fifth Amendment is not implicated)."

[5]*See Edwards v. Arizona,* 451 U.S. at 484, wherein the Court states that once an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing that he responded to further police–initiated custodial interrogation even if he has been advised of his rights. Accordingly, an accused must first invoke his right to counsel before the presumption of *Edwards* applies rendering invalid a subsequent waiver in response to police–initiated questioning.

states, is commanded by *Arizona v. Roberson, supra.* I disagree.

The rationale for extending the protection of the Fifth Amendment to unrelated charges, as stated by the United States Supreme Court in *Arizona v. Roberson,* ___ U.S. ___, 100 L. Ed. 2d 704, 715, 108 S. Ct. 2093 (1988), is that an accused's request for counsel prior to interrogation raises a presumption that the accused "considers himself unable to deal with the pressures of custodial interrogation without legal assistance". This presumption does not disappear because the police have approached the suspect, still in custody, still without counsel, about a separate investigation. *Roberson,* 100 L. Ed. 2d at 715. The significant factor, as stated by the Court in *Roberson,* is the subjective state of mind of the defendant that he is uncomfortable with the pressures of custodial interrogation as reflected by his request for counsel in the custodial interrogation setting. *Roberson,* 100 L. Ed. 2d at 715. The Court in *Roberson* goes on to summarize *Edwards v. Arizona, supra,* as follows:

> This discomfort is precisely the state of mind that *Edwards* [*Edwards v. Arizona*] presumes to persist unless the suspect himself initiates further conversation about the investigation; . . .

*Roberson,* 100 L. Ed. 2d at 715. Accordingly, when counsel is requested in the context of a custodial interrogation, the defendant is presumed to consider himself unable to handle the inherently compelling pressures of custodial interrogation, and thus the notion of "voluntariness" with regard to any subsequent waiver of the right to counsel comes into question. In contrast, a request for counsel at an arraignment does not reflect a similar subjective belief on the part of the defendant. It tells us nothing about the defendant's subjective belief as to his ability to deal with the pressures of custodial interrogation. Indeed, the right to counsel is frequently invoked at an arraignment because counsel is urged upon a defendant by the trial court. Accordingly, even if Stewart were deemed to have invoked his Fifth Amendment right to counsel at the arraignment, there

would still be no justification for extending the protection of that right to bar subsequent police–initiated questioning as to unrelated crimes.

This reasoning is further supported by the holding of the United States Supreme Court in *Connecticut v. Barrett,* 479 U.S. 523, 93 L. Ed. 2d 920, 107 S. Ct. 828 (1987), wherein the Court stated with respect to the prohibition against further questioning once counsel has been requested that:

> It remains clear, however, that this prohibition on further questioning—like other aspects of *Miranda*—is not itself required by the Fifth Amendment's prohibition on coerced confessions, but is instead justified only by reference to its prophylactic purpose.

*Barrett,* at 528. The Court in *Barrett* overruled the Connecticut court's suppression of a defendant's oral statement made following the defendant's request for counsel before making a written statement. *Barrett,* 93 L. Ed. 2d at 927–28. The Court defined the prophylactic purpose of *Miranda,* with regard to the prohibition on further interrogation once counsel has been requested as:

> [D]esigned to insulate the exercise of Fifth Amendment rights from the government "compulsion, subtle or otherwise," that "operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked."

*Barrett,* at 528, quoting *Miranda,* 384 U.S. at 474. To this end, the United States Supreme Court stated that it knew of no constitutional objective that would be served by suppression, in light of the wholly voluntary and noncoercive circumstances surrounding the defendant's statements. *Barrett,* 93 L. Ed. 2d at 928. Similarly, even if Stewart is deemed to have invoked a Fifth Amendment right to counsel, there is no constitutional objective that would be served by suppression in this case. Accordingly, Stewart's subsequent waiver of his *Miranda* rights as to the unrelated crimes should not be deemed invalid merely because it came in response to police–initiated questioning.

In summary, I believe the holding of *Espinoza* is incorrect insofar as it holds that a defendant's request for counsel at an arraignment invokes both a Sixth Amendment and Fifth Amendment right to counsel. Clearly, *Michigan v. Jackson, supra,* on which *Espinoza* relies, does not command such a holding. In my judgment, Stewart's request for counsel merely invoked his Sixth Amendment right to counsel which, as noted in *Espinoza,* is limited to the specific crimes for which the State had begun prosecution. Secondly, even if Stewart is deemed to have invoked his Fifth Amendment right to counsel, he did not invoke it in the context of a custodial interrogation; therefore, the rationale of *Roberson* for extending the right to separate investigations does not exist. A request for counsel in the context of an arraignment does not raise a presumption that the defendant is unable to deal with custodial interrogations. Accordingly, I would affirm the trial court's conviction on all six counts.

Reconsideration denied February 6, 1989.

Review granted at 112 Wn.2d 1017 (1989).